IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:24-CR-113-TAV-JEM |
| ) | |
| TIFFANY HANEY, ANNE WARREN, and ) | |
| TINA ROPER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. Now before the Court is the Government's Motion to Extend Exhibit Deadline [Doc. 219]. On September 9, 2025, the undersigned continued the trial to February 3, 2026, and set a new schedule including a November 17, 2025 deadline for the Government to identify and produce case-in-chief trial exhibits and to request trial stipulations ("the Government's exhibit deadline") [Doc. 199 p. 16].[1] The Court also set a deadline of December 15, 2025, for Defendants to identify and produce case-in-chief exhibits and to request trial stipulations ("Defendants' exhibit deadline") [*Id.*]. On October 20, 2025, the undersigned denied Defendants' motions for a bill of particulars but ordered the Government to provide Defendants with copies of all prescriptions upon which it will rely in its case-in-chief by its November 17, 2025 exhibit deadline, finding that "knowing which of the thousands of prescriptions seized the Government seeks to prove as forged, altered, or otherwise fraudulent at trial will allow Defendants to prepare a specific defense" [Doc. 202 pp. 9–11 (citing *United States*

---

[1] On November 12, 2025, the undersigned extended the Government's exhibit deadline to November 21, 2025, to permit time to litigate this motion [Doc. 228].

*v. Glynn*, No. 3:13–00059, 2015 WL 2125082 (M.D. Tenn. May 6, 2015))]. The Government now asks to extend its exhibit deadline and the deadline for producing prescriptions until it receives a final ruling on Defendant's suppression motions or, alternatively until December 15, 2025 [Doc. 219 pp. 1, 3].

As grounds for the requested extension, the Government argues that it cannot prepare its case or identify its trial exhibits until it knows what evidence will be available for trial and what evidence, if any, will be suppressed [*Id*. at 2; *see also* Doc. 232 p. 1]. It asserts that "a successful suppression motion will not necessarily *reduce* the evidence the United States ultimately presents, but rather *change* it" [Doc. 232 p. 1 (emphasis in original)]. In other words, if the evidence seized from the pharmacy is suppressed, the Government will rely on different evidence to show that "the [D]efendants were fraudulently altering prescriptions to boost the pharmacy's profits" [*Id*. at 2]. It argues that an exhibit deadline that precedes a ruling on the suppression motions will require it to prepare two or more case-in-chief presentations simultaneously [*id*.], and thus, extension of the exhibit deadline is "both necessary and fair" [Doc. 219 p. 2].

Defendants oppose the Government's requested extension, arguing that disclosure by the November 17, 2025 deadline is necessary to keep the case on track for the February 3 trial date [Doc. 225 p. 2; *see also* Doc. 226]. Defendant Roper, joined by Defendant Warren,[2] argues the

---

[2]     Defendant Warren moves to adopt [**Doc. 227**] Defendant Roper's response and all arguments made therein to the Government's Motion to Extend Exhibit Deadline. This motion is **GRANTED in part** in that Defendant Warren is permitted to adopt Defendant Roper's arguments responsive to the Government's motion. Defendant Warren is not permitted to join in Defendant Roper's arguments to dismiss the Third Superseding Indictment [Doc. 225 pp. 1, 3–5], which are predicated on the arguments in Defendant Roper's initial Motion to Dismiss [Doc. 160] and supplemental brief [Doc. 197]. Defendant Warren did not join in Defendant Roper's initial Motion to Dismiss. Moreover, Defendant Roper's arguments on dismissal of the Third Superseding Indictment are now moot because Defendant Roper did not elect to refile her motion to dismiss the Third Superseding Indictment as a standalone motion by the deadline set by the Court [*See* Doc. 231].

Government need not know what evidence will be suppressed to disclose the exhibits, stipulations, and prescriptions that it plans to introduce at trial [Doc. 225 pp. 1–2]. They maintain that if evidence is suppressed, the Government can quickly revise its disclosures to conform to the Court's rulings [*Id*. at 2]. Defendants Roper and Warren assert that disclosure of the Government's exhibits and prescriptions by November 17, 2025, is essential to their trial preparations [*Id*.; *see also* Doc. 226 p. 1 (asserting the Government's case "continues to evolve" with the filing of multiple indictments)].

Defendant Haney also opposes extending the Government's exhibit deadline, arguing "[t]he fact that the [G]overnment waited until the eve of [its exhibit] deadline to supersede its case does not constitute good cause for an adjournment" [*Id*.]. The Government counters that its request for an extension is not based upon the Third Superseding Indictment but, instead, stems from the lack of a final ruling on the suppression motions [Doc. 232 p. 2].

Rule 16 of the Federal Rules of Criminal Procedure does not require pretrial disclosure of the Government's exhibit list. *United States v. Prince*, 618 F.3d 551, 562 (6th Cir. 2010). Nevertheless, the Court enjoys some discretion over whether to require disclosure of trial materials before trial. *See United States v. Pancholi*, 148 F.4th 382, 388 n.1 (6th Cir. 2025) (noting that pretrial disclosure of a witness list is within the court's discretion (citing *United States v. Russell*, 109 F.3d 1503, 1510 (10th Cir. 1997)) (petition for certiorari filed Nov. 12, 2025); *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988) (noting that "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it"); *see also United States v. Hickman*, No. 3:18-CR-36, 2018 WL 6613738, at *3 (E.D. Tenn. Dec. 17, 2018) ("The Court has discretion to order the Government to produce discovery not required by Federal Rule of Criminal Procedure 16, including a witness or exhibit list, pursuant

to its inherent powers." (citations omitted)). Exercise of such discretion, however, should be restrained. *See United States v. Kincaid*, No. 3:10–CR–160, 2013 WL 5488524, at *7 (E.D. Tenn. Oct. 2, 2013) (declining to require pretrial disclosure of witness and exhibit lists and observing that invocation of the inherent power noted in *Presser* is "rarely warranted").

Here, while pretrial disclosure of an exhibit list is not required, the parties agreed that pretrial disclosure of exhibits would aid trial preparation [*See* Doc. 199 pp. 13–14 (noting the parties' desire to "exchange trial exhibits after rulings on pending pretrial motions and well in advance of trial")]. Moreover, in denying the motions for a bill of particulars, the undersigned found that justice requires advance disclosure of which of the 70,000 prescriptions seized from Rocky Hill Pharmacy the Government will rely upon at trial to give Defendants an opportunity to prepare a specific defense [Doc. 202 p. 9]. The Government has not taken issue with this Order. The large number of prescriptions and Defendants' need to locate witnesses and records relating to each prescription presents a particularized need for disclosure under the circumstances of this case and make this the rare and unusual case in which justice compels the advance disclosure of exhibits. *See United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980) (observing that even though a defendant is not entitled to a witness list "as a matter of right," the district court has discretion to order the Government to produce a witness list).

The Government states that requiring production of exhibits before it receives rulings on Defendant's suppression motions will require it to prepare multiple avenues for proving its case with or without the evidence that could be suppressed. The undersigned, however, has recommended denial of the motions to suppress [Doc. 204], and the Government agrees with that outcome [Doc. 234]. And if evidence is suppressed, the Government's concerns can be ameliorated by permitting time for it to amend its exhibit disclosure after the Court's ruling on the suppression

4

motions. Accordingly, the Government's request to extend its deadline for disclosing exhibits and prescriptions is not well taken. The Court, however, will permit a short extension of the Government's exhibit deadline to allow it to make disclosures consistent with this ruling.

For the reasons set forth above, the Court **ORDERS** as follows:

1. Defendant Anne Warren's Motion to Adopt Co-defendant Roper's Response to the Government's Motion to Continue Exhibit Deadline [**Doc. 227**] is **GRANTED in part** in that Defendant Warren is permitted to adopt Defendant Roper's arguments responsive to the Government's motion and is otherwise **DENIED**;

2. Defendant Roper's Motion to Dismiss 3rd Superseding Indictment, which is contained within her response [Doc. 225 pp. 1, 3–5], is **DENIED as moot** because Defendant Roper elected not to refile those arguments as a standalone motion by the November 18, 2025 deadline;

3. the Government's Motion to Extend Exhibit Deadline [**Doc. 219**] is **DENIED in part and GRANTED in part** in that the Court will grant a short extension to permit the Government to comply with this ruling;

4. the Government's deadline to identify and produce case-in-chief trial exhibits, to request trial stipulations, and to provide Defendants with copies of all prescriptions upon which it will rely in its case-in-chief is extended to **December 1, 2025**; and

5. all unexpired dates and deadlines previously set in this case [*see* Doc. 199 pp. 16–17] shall remain the same, and the trial of this case remains set on **February 3, 2026**.

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge