UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:24-CR-113-TAV-JEM |
| TIFFANY HANEY, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned on the United States' Motion to Quash [Doc. 257] and the Non-party Express Scripts, Inc.'s Motion to Quash Subpoena [Doc. 268], both referred to the undersigned by United States District Judge Thomas A. Varlan [Docs. 258, 270]. *See* 28 U.S.C. § 636(b).

### I. BACKGROUND

The Government moves to quash subpoenas that Defendant Tiffany Haney served on Express Scripts, Inc.; Humana, Inc.; and Optum, Inc., which seek, among other things, "[a]ll documents relating to audits and monitoring of Rocky Hill Pharmacy" for a seven-year period and "[a]ll correspondence regarding Rocky Hill Pharmacy, Tiffany Haney, or Anne Warren, with any government agency" [Doc. 257 p. 1 (citing Express Scripts subpoena [Doc. 257-1], Humana subpoena [Doc. 257-2], & Optum subpoena [257-3])]. The Government also seeks to quash subpoenas that Defendant Haney served on Safeguard Services, LLC, and Pain Medicine of the South, which seek "[a]ll medical and pharmacy claims billing data" for specified providers for a seven-year period" [*Id.* (citing Safeguard Services subpoena [Doc. 257-4] & Pain Medicine of the South subpoena [Doc. 257-5])]. The Government asserts that these subpoenas do not seek "specific admissible evidence" but are instead a "fishing expedition" for additional discovery [*Id.*]. In

addition, the Government requests that the Court direct Defendants to produce for review by the Court and the Government any similar subpoenas served on third parties [*Id*.].

Defendant Tiffany Haney opposes the motion, asserting the Government misstates both the law and the facts in support of its request [Doc. 262 pp. 1–2]. More specifically, she asserts that the Government lacks standing to quash the subpoenas because it does not assert any personal right, privilege, or proprietary interest in the materials sought [*Id*. at 2]. And she argues the Government is not a "gatekeeper over the defense's exercise of compulsory process" [*Id*. at 3]. Defendant Haney also asserts that the Government informed Judge Varlan that she sought early return of the subpoenaed materials; but she explains the subpoenas command appearance and production at the federal courthouse on the first day of trial [*Id*. at 4]. In addition, Defendant Haney asserts that the subpoenas comply with Rule 17(c) and satisfy the standard articulated in *United States v. Nixon*, 418 U.S. 683, 699–700 (1974) [*Id*.]. Finally, Defendant Haney contends the Government's request for disclosure of other defense subpoenas is improper and unsupported by the Federal Rule of Criminal Procedure 17 and Sixth Circuit law [*Id*. at 6].

On January 29, 2026, nonparty Express Scripts, Inc., one of the subpoenaed entities, moved to quash Defendant Haney's trial subpoena [Doc. 268]. Express Scripts joins in the arguments raised by the Government [*id*. at 1–2] and argues the subpoena is improper in form, vague, and overly broad [*id*. at 2–3]. Specifically, Express Scripts asserts that the subpoena should be quashed because Defendant does not subpoena a person to testify but, instead, subpoenas a corporation [*Id*. at 2]. Express Scripts also contends that the subpoena's requests are unclear and not limited to a particular Medicare or Blue Cross Blue Shield plan [*Id*. at 2–3]. Moreover, the subpoena seeks production of documents related to audits and monitoring of Rocky Hill Pharmacy, which Express Scripts has already produced to the Government and which the Government represents it has

2

provided to Defendant Haney [*Id.* at 3]. Express Scripts contends that this request for duplicate production violates *Nixon*'s requirement that the subpoenaed information be otherwise unavailable before trial [*Id.*].[1]

## II. ANALYSIS

Rule 17 permits a defendant to "order [a] witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). It "implements a criminal defendant's constitutional right 'to have compulsory process for obtaining witnesses in his favor' by providing a means to subpoena witnesses and documents for a trial or a hearing." *United States v. Llanex-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013). The Court retains discretion to "direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). Upon motion, the Court may also "quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

### A. Standing

"[T]here is a lingering question within this Circuit as to whether the Government has standing to oppose subpoenas directed towards third parties." *United States v. You*, No. 2:19-CR-14, 2024 WL 14004378, at *5 (E.D. Tenn. Apr. 1, 2024) (citation omitted). Courts finding the government lacks standing to challenge a subpoena to a nonparty have required that the Government show some injury or claim a privilege or personal right in the information sought to challenge the subpoena. *United Staes v. D'Anna*, No. 13-20119, 2015 WL 1954490, at *9 (E.D. Mich. Apr. 29, 2015) (observing that the government lacks standing to challenge a

---

[1] Due to the nearness of the February 3, 2026 trial date, and the overlapping nature of the issues in the two motions, the Court rules without awaiting the response of Defendant Haney to Express Scripts's motion. *See* E.D. Tenn. L.R. 7.2 ("Under exceptional circumstances, the Court may act upon a motion prior to the expiration of the response time.").

3

defendant's subpoena to a nonparty unless it can show a claim of privilege or a proprietary interest in the subpoenaed material or an "injury in fact" from the subpoena). Nevertheless, "[t]he court may control the use of Rule 17(c) . . . by its power to rule on motions to quash or modify." *You*, 2024 WL 14004378, at *5 (citation omitted); *see also Llanex-Garcia*, 735 F.3d at 499 (holding that district courts have discretion to supervise subpoenas under Rule 17(c) using the "mechanisms for exercising oversight as they see fit"). In *You*, Judge Greer declined to require the subpoenaed parties to respond to Defendant's motion seeking the subpoenas and, instead, said the companies could move to quash the subpoenas once served, if they objected. *You*, 2024 WL 14004378, at *5.

"The party seeking to quash a subpoena has the burden of proving that it has standing to move to quash the subpoena." *D'Anna*, 2015 WL 1954490, at *9 (citing *United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997)). Here, the Government has not carried that burden. The Government asserts injury due to violation of the discovery rules [Doc. 257 p. 5], but it points to no authority that this provides standing. Nor does it claim that the subpoenaed materials are privileged or proprietary to it. Thus, on the record before it, the undersigned deems the Government lacks standing to challenge the subpoenas. As the subpoenaed party, however, Express Scripts may properly move to quash.

B. Validity

Express Scripts asserts that Defendant's trial subpoena is invalid because it fails to name a witness to appear before the Court. Upon review, the Court agrees. The plain language of Rule 17(a) provides that "[a] subpoena must . . . command the witness to attend and testify at the time and place the subpoena specifies[.]" Crim. R. Fed. P. 17(a). Accordingly, the Court quashes the subpoena for Express Scripts because it is facially invalid. Although the remaining corporations (Humana, Optum, Safeguard Services, and Pain Medicine of the South) have not filed motions to

4

quash, the Court exercises its supervisory powers to also quash those facially invalid subpoenas.[2] *Llanex-Garcia*, 735 F.3d at 499; *see also United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990) (discussing court's discretion to strike trial subpoenas); *United States v. Pate*, No. 3:09-00106, 2024 WL 1773996, at *1 (M.D. Tenn. Apr. 24, 2024) (discussing the court's discretion with respect to both Rule 17(a) subpoenas and Rule 17(c) subpoenas duces tecum).

### C. Production of Documents

The five subpoenas direct the subpoenaed entities to produce numerous documents that Defendant Haney characterizes as business records [*See* Doc. 262 pp. 3, 5]. Express Scripts objects to the requested production as "vague, ambiguous, and extraordinarily broad" [Doc. 268 p. 3]. It argues that the heart of the Defendant's request are audit and investigation files and the "credentialing files for Rocky Hill Pharmacy," which it has already produced to the Government and which the Government represents it has disclosed to Defendant Haney [*Id*.]. On January 29, 2026, the Government filed a Notice, affirming that it has produced all documents provided from Express Scripts to Defendant Haney [Doc. 273 p. 1].[3] Express Scripts contends the Court should not permit duplicate production of these documents, which Defendant Haney has obtained from the Government [Doc. 268 p. 3].

---

[2] With respect to the Government's request to identify any similar subpoenas served on third parties [Doc. 257 p. 5], the Government cites no authority for this request, nor is the Court aware of any such authority. Moreover, parties in a criminal case are not required to provide a witness list absent an agreement or Court order. *See United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993); *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984); *see also United States v. Turner*, 91 F. App'x 489, 491 (6th Cir. 2004) (holding that a "defendant in a non-capital case . . . is not entitled to know in advance of trial who will testify for the government").

[3] The Notice states that following the prosecutor's conversation with counsel for Express Scripts, the Government undertook to "double-check" that all materials from Express Scripts had been provided to Defendants [Doc. 273 p. 1]. During this review, Government's counsel "learned that two spreadsheet files had been inadvertently omitted from the production" [*Id*.]. The Government states it has since produced these to the Defendants [*Id*.].

5

As stated above, Rule 17 permits the Court to "quash or modify [a subpoena directing production of documents] if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). "When evaluating a motion to quash a subpoena ad testificandum, courts frequently draw on principles analogous to those used when deciding a motion to quash a subpoenas duces tecum." *Pate*, 2024 WL 1773996, at *1 (citing *United States v. Santistevan*, No. 11-cr-00406-CMA, 2012 WL 2875949, *1 (D. Colo. July 12, 2012)). Considerations of relevancy and materiality apply equally to subpoenas for a witness's testimony. *Id.* (citing *United States v. Peavler*, No. 3:15-CR-14, 2017 WL 1018304, at *2 (E.D. Ky. Mar. 10, 2017)). And "[t]he same general standard [for subpoenas duces tecum] applies to subpoenaed production of documents at the time of trial." *Peavler*, 2017 WL 1018304, at *2 (citations omitted). Applying the same principles, the Court may quash a subpoena ad testificandum if compliance with the subpoena would be "unreasonable and oppressive." *Pate*, 2024 WL 1773996, at *1.

Here, the Court finds requiring Express Scripts to reproduce voluminous and duplicative documents relating to Rocky Hill Pharmacy is unreasonable. In *United Staes v. Nixon*, the Supreme Court set out four factors for evaluating the propriety of a Rule 17(c) subpoena:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

418 U.S. 683, 699 (1974); *see also United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (listing the *Nixon* factors); *United States v. You*, 2024 WL 1404378, at *5 (E.D. Tenn. Apr. 1, 2024) ("The four factors established by *United States v. Nixon* must be met to enforce the subpoena and 'require production' of subpoenaed documents.").

Both Express Scripts and the Government state that Defendant Haney already has the documents she seeks from Express Scripts. Defendant asserts that the Government's discovery disclosures "were incomplete as key/documents, records, and/or communications were not provided" [Doc. 273]. Defendant, however, fails to show that these materials, such as communications between the Government and Express Scripts [*see* Doc. 268 p. 1–2], are discoverable. Nor is Rule 17(c) intended to serve as a discovery device.[4] *United States v. Vassar*, 346 F. App'x 17, 24 (6th Cir. 2009); *United States v. Justice*, 14 F. App'x 426, 432 (6th Cir. 2001).

Additionally, in adopting all arguments asserted by the Government, Express Scripts contends that the subpoena violates Rule 17(c) because the cover letter invites Express Scripts to produce documents at an unspecified date directly to defense counsel's address in New Jersey or via email to defense counsel's email address [Doc. 268 p. 1; Doc. 257 p. 3]. The cover letter is not a model of clarity. It first directs that the subpoena requests appearance and production of documents as outlined in the subpoena, which provides that the place of appearance is at the federal courthouse on the first day of trial [*See, e.g.*, Doc. 257-1 pp. 4–5]. The cover letter then notes that the appearance of the custodian of records may be excused upon receipt of the records and the executed Declaration of Custodian of Records, enclosed with the subpoena, to defense counsel's New Jersey office or to his email [*Id*. at 4]. The plain language of Rule 17(c)(1) requires subpoenaed materials to be returned to the Court. Fed. R. Crim. P. 17(c)(1). To the extent that the cover letter suggests that the documents could be returned to defense counsel, that suggestion was improper. *United States v. Al-Amin*, No. 1:12–CR–50, 2013 WL 3865079, at *9–10

---

[4] To the extent Defendant has raised discovery issues, Judge Varlan has addressed those concerns [Doc. 269].

(E.D. Tenn. July 25, 2013) (observing that materials obtained through a subpoena duces tecum may not be returned to counsel's office).[5]

## III. CONCLUSION

For the reasons explained herein, the Court **ORDERS** as follows:

>   (1) the United States' Motion to Quash [**Doc. 257**] is **DENIED** because the Government lacks standing to challenge Defendant's trial subpoenas;
>
>   (2) Non-Party Express Scripts, Inc.'s Motion to Quash Subpoena [**Doc. 268**] is **GRANTED**;
>
>   (3) Defendant Haney's trial subpoenas to Express Scripts, Inc.; Humana, Inc.; Optum, Inc.; Safeguard Services, LLC; and Pain Medicine of the South are **QUASHED**; and
>
>   (4) counsel for Defendant Haney is **ORDERED** to notify counsel or other representative for Express Scripts, Inc.; Humana, Inc.; Optum, Inc.; Safeguard Services, LLC; and Pain Medicine of the South that her subpoenas are quashed and to provide a copy of this Memorandum and Order to those five entities **within twenty-four hours** of the entry of this Memorandum and Order.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[5] The Government contends that the subpoenas do not satisfy the requirements set forth by Judge Collier in *United States v. Al-Amin*, No. 1:12–CR–50, 2013 WL 3865079, at *9–10 (E.D. Tenn. July 25, 2013), because Defendant did not seek preauthorization of production of documents from the Court [Doc. 257 pp. 2–3]. Relying on *United States v. Llanez-Garcia*, 735 F.3d 483 (6th Cir. 2013), Judge Greer has disagreed that Rule 17(c) requires authorization prior to issuance in all cases. *You*, 2024 WL 1404378, at *4. Neither this Court nor Judge Varlan has a requirement that a party seek authorization prior to issuance of a Rule 17 subpoena duces tecum beyond what is required by the Rule itself. Hence, the Court declines to quash the subpoenas because defense counsel did not seek authorization prior to issuance.

8