UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-113-TAV-JEM |
| | ) | |
| TIFFANY HANEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Tiffany Haney's Motion for Reconsideration [Doc. 283], filed on January 30, 2026. Defendant asks the Court to reconsider its Memorandum and Order of January 30, 2026, quashing Defendant Haney's trial subpoena to Express Scripts, Inc. [Doc. 276 p. 8].[1] The Memorandum and Order grants Express Scripts' motion to quash Defendant Haney's trial subpoena on two primary grounds: (1) the subpoena is invalid because it does not identify a witness to appear before the Court [*id*. at 4–5] and (2) Express Scripts' compliance with the subpoena's directed production of documents is unreasonable [*id*. at 6–8].

Defendant argues that quashing the subpoena denies her right to confront anticipated trial witnesses for the Government with prescriber attestations or denials that Express Scripts "likely" obtained in connection with its August 2024 audit of Rocky Hill Pharmacy [Doc. 283 ¶¶ 2–6]. She asks the Court to modify its ruling to require Express Scripts "to produce its internal audit documents for the August 2024 audit of [Rocky Hill Pharmacy], including any prescriber denials or attestations," opining that with this modification the subpoena is neither unreasonable, nor

---

[1] The Memorandum and Opinion also quashes Defendant Haney's trial subpoenas for Humana, Inc.; Optum, Inc.; Safeguard Services, LLC; and Pain Medicine of the South [Doc. 276 p. 8]. Defendant does not request reconsideration of those rulings.

oppressive [*Id*. ¶ 7]. Regarding the Court's determination that the subpoena is invalid, Defendant denies any requirement that she "identify a specific corporate representative by name" in the subpoena [*Id*. ¶ 8]. Alternatively, Defendant argues that if identification of a witness is required, the Court should construe the subpoena as addressed to Express Scripts' records custodian because she does not know "who within [Express Scripts] possesses the responsive documents" [*Id*.].

Express Scripts responds that Defendant does not meet the standard for the Court to reconsider its ruling [Doc. 296 p. 1].

"The Federal Rules of Criminal Procedure make no provision for a motion to reconsider, and courts adjudicating such motions in criminal cases typically evaluate the motion under the same standards that govern a civil motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e)." *United State v. Reynolds*, No. 3:08-CR-143, 2018 WL 1950433, at *1 (E.D. Tenn. April 24, 2018) (citing *United States v. Titterington*, No. CR.2-20165, 2003 WL 23924932, at *1 (W.D. Tenn. May 22, 2003)); *see also United States v. Ogden*, No. 06-20033, 2008 WL 2704539, at *1 (W.D. Tenn. July 2, 2008) (applying Rule 59(e) standard). "Such relief is ordinarily proper when one of three conditions is present: (1) an intervening change of controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Reynolds*, 2018 WL 1950433, at *1 (citation omitted).

Defendant Haney does not show any of these circumstances are present with respect to the Court's Memorandum and Order of January 30, 2026. Defendant alleges no change to Rule 17 and cites no authority, let alone new authority, in support of her contention that the Court misapplied Rule 17(c) in finding the subpoena invalid or unreasonable. Nor does Defendant rely on new

evidence not previously available. Instead, she contends the Court fails to appreciate the importance of the provider attestations or denials, which she suspects Express Scripts could have.[2]

Defendant does not demonstrate that the Memorandum and Order contains clear error or that it results in manifest injustice. The Court relied on the plain language of Rule 17(a), which mandates that "a subpoena must . . . command the witness to attend and testify at the time and place the subpoena specifies." Fed. R. Crim. P. 17(a). Moreover, the Court held, in accord with ample case law, that Defendant may not use a subpoena to produce documents as a discovery device. *United States v. Llanez-Garcia*, 735 F.3d 483, 494 (6th Cir. 2013) (citing *Bowman Dairy Co. v. U.S.*, 341 U.S. 214, 219 (1951)) ("Rule 17(c) is not meant to provide an additional way to secure pretrial discovery."); *United States v. Vassar*, 346 F. App'x 17, 24 (6th Cir. 2009); *United States v. Justice*, 14 F. App'x 426, 432 (6th Cir. 2001). Although Defendant argues the quashed subpoena deprives her of her right to confrontation [Doc. 283 p. 2], "[t]he Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system." *Michigan v. Lucas*, 500 U.S. 145, 152 (1991) (citation omitted and modified) (upholding notice requirement of state rape shield statute although it precluded violating defendant's ability to confront victim); *see also United States v. Sampson*, No. 2:21-cr-20732, 2024 WL 180849, at *3 (E.D. Mich. Jan. 17, 2024) (finding defendant's Sixth Amendment right to confront witness does not trump Rule 17(c)(3)'s protection of minor victim's mental health records), *aff'd*, 2025 WL 1591846 (6th Cir. June 5, 2025).

---

[2] Defendant states she does not have Express Scripts "internal audit documents for the August 2024 audit of [Rocky Hill Pharmacy], including any prescriber denials or attestations" and speculates that Express Scripts possesses such documents [Doc. 283 p. 2]. Express Scripts, however, previously stated that it produced all audit and investigation files responsive to Defendant's subpoena to the Government [Doc. 268 p. 3], and the Government gave notice that it disclosed all documents from Express Scripts to Defendants [Doc. 273 p. 1].

3

Defendant's request for reconsideration merely repackages her previous arguments regarding the audit materials. A motion to reconsider, however, "is not designed to give an unhappy litigant an opportunity to relitigate matters already decided[.]" *Ogden*, 2008 WL 2704539, at *1 (citation omitted and modified).

For the reasons explained herein, Defendant Haney's Motion to Reconsider [**Doc. 283**] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

_____
Jill E. McCook
United States Magistrate Judge