UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 3:24-CR-113-TAV-JEM |
| TIFFANY HANEY, ANNE WARREN, and TINA ROPER, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Tiffany Haney's objections [Doc. 349] to the order entered by United States Magistrate Judge Jill E. McCook [Doc. 276], which, in relevant part, granted Non-Party Express Scripts, Inc.'s Motion to Quash [Doc. 268] and quashed Defendant Haney's trial subpoenas to Express Scripts, Inc. ("ESI"), Humana, Inc., Optum, Inc., Safeguard Services, LLC, and Pain Medicine of the South.

For this Court to overturn a magistrate judge's decision on non-dispositive pretrial matters, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Delk v. CoreCivic*, No. 1:22-cv-2540, 2023 WL 5867861, at *2 (W.D. Tenn. Sept. 11, 2023) ("The burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law rests on the shoulders of the objector." (citing *United States v. Glatz*, No. 3:19-cr-218, 2021 WL 4943056, at *5 (E.D. Tenn. Oct. 22, 2021))). The "clearly erroneous" standard applies only to the magistrate judge's factual findings, and legal conclusions are reviewed under

the "more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).  A factual finding is clearly erroneous if the Court "is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal citations omitted).  A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id*. (internal citations omitted).

As an initial matter, a party may object to a magistrate judge's order on a nondispositive motion, but must do so within 14 days after being served with a copy of a written order.  Fed. R. Crim. P. 59(a).  Under the Court's Electronic Case Filing Rules and Procedures ("ECF Rules"), "[t]he Notice of Electronic Filing generated through the Electronic Filing System shall, upon transmission by the Court, constitute service of the filed document upon E-Filers participating in a pending action." E.D. Tenn. ECF Rule 9. Judge McCook's order quashing the subpoena to ESI was entered on the Court's ECF system on January 30, 2026 [Doc. 276].  Accordingly, under Rule 59(a), defendant Haney had until Friday, February 13, 2026, to file any objections.  But defendant Haney waited until Monday, February 16, 2026, a federal holiday, and less than 24 hours before trial was scheduled to begin, to file her objections [Doc. 349].  Because defendant Haney's objections are untimely, and contain no showing of good cause for such, her objections are due to be overruled on that ground alone.  Nevertheless, for the sake of completeness, the Court will address the merits of defendant Haney's objections.

First, in her order, Judge McCook concluded that the subpoena for ESI was facially invalid, stating:

> Express Scripts asserts that Defendant's trial subpoena is invalid because it fails to name a witness to appear before the Court. Upon review, the Court agrees. The plain language of Rule 17(a) provides that '[a] subpoena must . . . command the witness to attend and testify at the time and place the subpoena specifies[.] Accordingly, the Court quashes the subpoena for Express Scripts because it is facially invalid.

[Doc. 276, p. 4 (citation omitted)].

Defendant Haney argues that Judge McCook's finding that the subpoenas were facially invalid for failure to name a corporate designee "is incorrect and without basis in law" [Doc. 349, p. 2]. Defendant Haney contends that because the subpoena was directed to ESI, ESI was the witness required to appear, and there is no requirement that a subpoena directed to a corporate entity name a specific individual or corporate representative, especially when the subpoena requests the production of records held by the entity, rather than a particular individual [*Id*.].

Because this objection involves Judge McCook's legal conclusion, defendant Haney must establish that the conclusion was "contrary to law," or, in other words, that "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *See Bisig*, 940 F.3d at 219. But defendant Haney inherently fails to meet her burden of establishing that Judge McCook's conclusion was "contrary to law," because she cites absolutely no legal authority in support of her objection [*See* Doc. 349, p. 2]. Instead, defendant Haney simply makes conclusory statements about whether there is a requirement that a subpoena directed to a corporation name a specific corporate representative [*See id*.]. These conclusory

3

statements, standing alone, do not suffice to meet the burden of establishing that Judge McCook's conclusion was "contrary to law." Accordingly, this objection is **OVERRULED**.

Next, Judge McCook concluded that requiring ESI to reproduce voluminous and duplicative documents relating to RHP would be unreasonable, and thus, the subpoena should be quashed under Rule 17(c)(2) [Doc. 276, p. 6]. Judge McCook noted that both ESI and the government stated that defendant Haney had already been provided the documents she sought [*Id*. at 7]. Judge McCook acknowledged that defendant Haney argued that the government's disclosures were incomplete but concluded that defendant Haney failed to show that the referenced materials were discoverable [*Id*.]. Moreover, Judge McCook noted that Rule 17(c) is not intended to serve as a discovery device [*Id*.].

Defendant Haney argues that this was plain error [Doc. 349, p. 3]. Defendant Haney contends that the fact that the documents she sought from ESI were not produced by either ESI or the government to her largely ends the inquiry [*Id*.]. Defendant Haney asserts that Judge McCook had no basis in fact to conclude that the subpoena to ESI is duplicative of documents in defendant Haney's possession [*Id*.]. Defendant Haney argues that the subpoena is proper, and, far from a fishing expedition, it is merely an attempt to obtain documents that the government has either refused to provide or has never requested [*Id*. at 3–4].[1] Defendant Haney states that she is willing to limit her subpoena to production of

---

[1] Defendant Haney's motion also contains a number of allegations about ESI that are irrelevant to the instant motion, including that ESI is "one of the biggest and most corrupt PBMs in the country" and is "colluding with the government," which defendant Haney considers "an

4

the internal audit documents relating to ESI's August 2024 audit, including correspondence with providers [*Id*. at 4].[2]

Defendant Haney does not seem to dispute that requiring ESI to produce documents already produced and provided to her by the government in discovery would be unreasonable within the meaning of Rule 17(c)(2). Rather, she appears to contest whether the documents sought in the subpoena were provided to her by the government. But, when ruling on the motion to quash, Judge McCook was presented with the representation of ESI that it had produced these documents to the government and that the government had provided such to defendant Haney [Doc. 268, pp. 2–3]. The Court finds that defendant Haney has not met the high burden of establishing that Judge McCook's factual conclusion in this regard was clear error.

Regardless, defendant Haney seems to admit that her subpoena to ESI was an attempt at obtaining discovery, by stating that it is "an attempt to obtain documents that the

---

outright disgrace" [Doc. 349, p. 4]. Defendant Haney alleges that "ESI has, for years, unlawfully used its market dominance to harm patients and providers" [*Id*.]. Defendant Haney alleges that ESI has recently reached a settlement with the Federal Trade Commission and has also been investigated by the Tennessee Bureau of Investigation [*Id*.]. The Court finds it unnecessary to address these allegations.

[2] It is unclear whether defendant Haney also seeks to appeal Judge McCook's order as it relates to other subpoenas. As noted previously, Judge McCook quashed subpoenas to ESI, Humana, Inc., Optum, Inc., Safeguard Services, LLC, and Pain Medicine of the South [Doc. 276]. In the instant filing, defendant Haney only addresses the ESI subpoena and asks for relief as to that subpoena [Doc. 349]. However, in a footnote, defendant Haney states that she "adopts these arguments as to the Humana subpoena" [*Id*. at 3 n.1]. To the extent that defendant Haney also objects to Judge McCook's order quashing the Humana subpoena, for the same reasons described herein, relating to the ESI subpoena, the Court finds that defendant Haney has not established that Judge McCook's order was clearly erroneous or contrary to law.

5

government has either refused to provide or has never requested" [Doc. 349, p. 4]. And "cases almost uniformly hold that records sought for discovery or impeachment are not properly subject to subpoena by Rule 17(c)." *United States v. Al-Amin*, No. 1:12-cr-50, 2013 WL 3865078, at *4 (E.D. Tenn. July 25, 2013). Moreover, to support a subpoena under Rule 17, a defendant must show a "sufficient likelihood" that the documents sought are material to an issue in the case. *Id*. at *6. "The 'mere hope' that documents will help the defendant's case is not enough." *Id*. Considering all of this, the Court does not find that defendant Haney has established that Judge McCook's determination that the subpoena to ESI was unreasonable was clearly erroneous, and this objection is **OVERRULED**.

The Court notes that, for the first time, defendant Haney now suggests that the ESI subpoena could be limited "to production of the internal audit documents relating to ESI's August 2024 audit, including correspondence with providers" [Doc. 349, p. 4]. Under Rule 17, Judge McCook could have quashed or modified the ESI subpoena. *See* Fed. R. Crim. P. 17(c)(2). However, at this stage, the Court is limited to a determination of whether Judge McCook's decision to quash the subpoena was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). The Court cannot conclude that Judge McCook's decision to quash, rather than modify, the subpoena was clearly erroneous or contrary to law based on defendant Haney's proposed modification, which was never presented to Judge McCook.

6

Nonetheless, the Court notes that defendant Haney remains free to seek a new subpoena for such a modified request, to the extent appropriate.³

**Conclusion**

For the reasons explained, defendant Haney's objections to the magistrate judge's orders [Doc. 349] are **OVERRULED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

---

³ The Court expresses no opinion about the validity of such a potential future subpoena, and would address that matter upon an appropriate motion, if necessary.

7