UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,

v.

TIFFANY HANEY, et al.

Crim. No. 3:24-cr-113
Varlan/McCook

## DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF

Defendants Tiffany Haney, Tina Roper, and Anne Warren (together, the "Defendants"), by and through undersigned counsel, respectfully make this supplemental submission further to pending applications:

1. All prior proceedings and matters of record in the above-referenced proceedings are incorporated herein.

**A. Jury Instruction regarding "Medical Necessity"**

2. With respect to Defendants' application for a jury instruction on the issue of "medical necessity," during Allison Lawson's testimony, the government adduced, over Defendants' repeated objections, evidence regarding the medical necessity vel non of certain prescriptions.

3. The government's introduction of such evidence was improper for several reasons. First, the government previously abandoned its "medical necessity" theory when it superseded the "healthcare fraud" charges contained in the Second Superseding Indictment. See ECF Docket 128, ¶ 32 (alleging, in old charging instrument, lack of "medical necessity"). Indeed, the grand jury did not consider "medical necessity" or lack thereof in connection with its return of the Third Superseding Indictment. Accordingly, the government cannot now seek to

prove a theory to the jury that was jettisoned. See, e.g., United States v. Mize, 814 F.3d 401 (6th Cir. 2016). Put differently, references to medical necessity are irrelevant, confusing, unduly prejudicial, and pose a significant risk to the fairness and integrity of the proceedings.

4. Second, whether a prescription medication is "medically necessary" requires specialized evaluations including medical diagnoses, the applicable standard of care, treatment alternatives, dosage appropriateness, and a risk-benefit analysis. These medical determinations require a level of interaction with the patient that Ms. Lawson does not possess regardless of any clinical training or professional licensure.

5. Third, Ms. Lawson was not noticed or designated as a witness qualified to provide opinion testimony. Hence, any opinion regarding whether a prescription was medically necessary would not only be unqualified, but also would constitute impermissible expert testimony under the guise of a lay opinion lacking in foundation.

6. Accordingly, Defendants request that the Court instruct the jury as follows <u>prior to the resumption of further testimony</u>:

> During Alison Lawson's testimony, you heard testimony regarding whether certain prescriptions were "medically necessary." I hereby instruct you that you cannot consider medical necessity or the lack thereof as evidence that Defendants are guilty of the offenses charged in this case.

See F.R.E. 104(a); 401; 402; 403; 701; and 702.

**B.    Jury Instruction regarding "Subsequent Remedial Measures"**

7. During the direct examination of Ms. Lawson, the government adduced evidence that, following the search warrant executed at Rocky Hill Pharmacy in or about April 2024, Defendants implemented a "new" policy designed to ensure better documentation of prescriber authorizations. Accordingly, Defendants request that the Court instruct the jury as follows <u>prior to the resumption of further testimony</u>:

2

> During Alison Lawson's testimony, you heard testimony that a "new" policy was implemented following the execution of a search warrant at Rocky Hill Pharmacy. I hereby instruct you that you cannot consider any change of policy as evidence that Defendants are guilty of the offenses charged in this case.

See F.R.E. 407 (rendering inadmissible subsequent remedial measures "that would have made an earlier injury or harm less likely to occur"), 401, 403.

C. **Witness Instruction regarding Fifth Amendment Privileges**

8. With respect to Defendants' application for a continuance of Jessica Cantwell's testimony, Defendants have discharged their ethical responsibilities by bringing to the Court's attention that Ms. Cantwell, in their view, has provided inaccurate testimony and may be represented by a conflicted attorney. Accordingly, Defendants ask the Court to instruct the witness as follows prior to the resumption of her testimony:

> Attorneys for the Defendants in this case have expressed their view that your sworn testimony is perjurious. Perjury is a serious crime and could subject you to serious penalties, including incarceration. If you wish to consult an attorney regarding the Defendants' position prior to resuming your testimony in this matter, the Court will appoint one for you.

See R.P.C. 1.7; 1.8.

Dated: February 20, 2026

                Respectfully submitted,

                **HEALTH LAW ALLIANCE**

                */s/ Anthony J. Mahajan*
                Anthony J. Mahajan (admitted *pro hac vice*)
                Diana Yastrovskaya (admitted *pro hac vice*)
                Attorneys for Tiffany Haney
                51 John F. Kennedy Parkway
                Short Hills, NJ 07078
                Telephone: (800) 345-4125

                */s/ Scott L. Saidak*
                Scott L. Saidak
                Attorney for Anne Warren

720 South Gay Street
Knoxville, TN 37902
Telephone: (865) 244-2889
ssaidak2001@aol.com

*/s/* Keith D. Stewart
Reynolds, Atkins, Brezina & Stewart PLLC
Attorney for Tina Roper
606 Main Street, Suite 225
Knoxville, TN 37902
Telephone: (865) 525-0505
keithdstewart@gmail.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, I caused the foregoing to be electronically filed with the Clerk of Court by using the CM/ECF system, which will send the notice of electronic filing to all counsel of record.

                                                  */s/ Anthony J. Mahajan*
                                                  Anthony J. Mahajan

5

Case 3:24-cr-00113-TAV-JEM   Document 364   Filed 02/20/26   Page 5 of 5   PageID #: 4403