UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CR-113-TAV-JEM |
| | ) | |
| ANNE WARREN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the Motion of Non-parties Lewis Thomason, P.C. and Adam F. Rust to Quash Trial Subpoenas [Doc. 358], referred to the undersigned by United States District Judge Thomas A. Varlan [Doc. 366]. *See* 28 U.S.C. § 636(b).

I.  BACKGROUND

Defendant Anne Warren began trial on February 17, 2026, on a twenty-one-count[1] Third Superseding Indictment, alleging conspiracy to commit wire fraud, wire fraud, false statements regarding healthcare matters, aggravated identity theft, conspiracy to commit money laundering, and money laundering [Doc. 217]. Particularly relevant to this motion, Defendant Warren is charged with making false statements relating to healthcare matters (Counts Eleven and Thirteen) and aggravated identity theft (Counts Fourteen and Sixteen) regarding the name and "NPI number" of provider M.M. [*Id.* ¶¶ 62, 64]. On February 18, the Government called as a witness Jessica Cantwell. Cross-examination of Ms. Cantwell extended to the following day, February 19.

---

[1] Defendant Warren is charged in eleven counts [Doc. 217].

On February 18, 2026, Defendant Warren served Attorney Adam Rust and his law firm Lewis Thomason, P.C., with trial subpoenas for the appearance of Mr. Rust to testify and for the appearance of a records custodian from the law firm and production of "[a]ll retainer and/or engagement records and billing records, including invoices" [Doc. 358-1; Doc. 358-2]. Lewis Thomason is a Tennessee-based law firm with offices in Knoxville, Nashville, and Memphis [Doc. 358 p. 1]. Mr. Rust is a shareholder in the firm and represents Michelle McKnight and Jessica Cantwell, two non-party witnesses in Defendant Warren's trial [*Id.*].

Mr. Rust and the law firm ask the Court to quash the subpoenas as unreasonable and oppressive for four reasons: (1) the subpoenas give only one day of notice for Mr. Rust and a records custodian to appear to testify and to produce all engagement and billing records for all clients; (2) the subpoena to Lewis Thomason was not properly served on a registered agent of the law firm; (3) the records sought are confidential, irrelevant, inadmissible, and not specific; and (4) the subpoena seeks the personal and confidential information of victims without Defendant Warren meeting the requirements of Federal Rule of Criminal Procedure 17(c)(3) of notice to the victims and preauthorization for the subpoenas [*Id.* at 1–5]. The nonparties assert that neither Ms. McKnight, nor Ms. Cantwell, who are clients of Mr. Rust and victims in this case, "received notice of an Order from this Court indicating that a subpoena would be forthcoming to seek any personal or confidential information that is protected by the attorney-client privilege" [*Id.* at 4–5].

Defendant Anne Warren filed a response in opposition [Doc. 365]. Defendant Warren acknowledges that on February 18, 2026, she served trial subpoenas on Lewis Thomason, seeking "retainer agreements and billing invoices" and on Mr. Rust for his testimony at trial [*Id.* at 1]. Defendant asks the Court to hold a ruling on the nonparties' motion to quash in abeyance, asserting that this will moot the nonparties' objections "based upon unreasonableness of time to comply"

2

[*Id.*]. Defendant contends that "none of the requested information in the subpoena is privileged or confidential" [*Id.*]. Defendant concludes her brief response by asking "[t]o the extent that Defendant may seek production of the requested records and testimony, Defendant respectfully requests the opportunity to make further application to the Court at that time" [*Id.* at 1–2].

After reviewing the filings and case law and for the reasons stated herein, the undersigned concludes the subpoenas to Lewis Thomason, P.C., and Attorney Adam Rust must be **QUASHED**.

## II. ANALYSIS

Rule 17 permits a party to subpoena "a witness to attend and testify" at trial or other proceeding. Fed. R. Crim. P. 17(a). The Rule also permits a defendant to "order [a] witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). It "implements a criminal defendant's constitutional right 'to have compulsory process for obtaining witnesses in his favor' by providing a means to subpoena witnesses and documents for a trial or a hearing." *United States v. Llanex-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013). The Court retains discretion to "direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). Upon motion, the Court may also "quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); *see also Llanex-Garcia*, 735 F.3d at 499 (holding that district courts have discretion to supervise subpoenas under Rule 17(c) using the "mechanisms for exercising oversight as they see fit"); *United States v. You*, No. 2:19-CR-14, 2024 WL 1404378, at *5 (E.D. Tenn. Apr. 1, 2024) ("The court may control the use of Rule 17(c) . . . by its power to rule on motions to quash or modify." (omission in original and citation omitted).

The subpoenas requiring Attorney Rust and the firm's records custodian to appear and testify with a single day's notice and for the firm to produce the retainer agreements and billing

3

information for all its clients, unlimited by individual, subject, or date, are unduly burdensome. Defendant Warren has been aware that Mr. Rust represents Ms. McKnight and Ms. Cantwell since at least January 30, 2026, when Mr. Rust filed motions to quash subpoenas for documents served on Ms. McKnight and Ms. Cantwell [*See* Docs. 279 & 281]. Defendant Warren asks the Court to hold Mr. Rust's and his firm's motion to quash in abeyance until such time that she may make "further application" to the Court. The Court declines to subject Mr. Rust and the law firm to the burden of the subpoena for an unknown length of time and unknown reasons.

Rule 17(c)(3) requires a court order for any subpoena that requires the production of personal and confidential information about a victim. Fed. R. Crim P. 17(c)(3). *United States v. Glenn*, 341 F. R. D. 217, 220 (N.D. Ohio 2022) ("Uniformly, federal courts have held that notice of a subpoena to a victim or their representatives is mandatory under Rule 17(c)(3) before a court may issue a subpoena." (collecting cases)). The undersigned has previously addressed Defendant Warren's contention that Michelle McKnight is not a victim, finding it unfounded in law or fact [Doc. 354 pp. 4–5]. Defendant Warren received this ruling prior to issuing the subpoenas at issue here. As with her prior subpoena to Ms. McKnight, Defendant Warren also asserts that the subpoena does not seek confidential information. Again, Defendant Warren does not cite anything in support of this proposition, and the Court is not persuaded by her bare assertion.

But even if the notice and preauthorization requirements of Rule 17(c)(3) do not apply, the Court finds that Defendant fails to carry her burden of showing the requested records are properly the subject of a subpoena duces tecum. "Rule 17(c) is not meant to provide an additional way to secure pretrial discovery." *Llanez-Garcia*, 735 F.3d at 494 (citing *Bowman Dairy Co. v. U.S.*, 341 U.S. 214, 219 (1951)). To protect against such misuse by criminal defendants, *id.*, the Supreme

Court in *United States v. Nixon*, set out four factors for evaluating the propriety of a Rule 17(c) subpoena:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

418 U.S. 683, 699 (1974); *see also United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (listing the *Nixon* factors); *You*, 2024 WL 1404378, at *5 ("The four factors established by *United States v. Nixon* must be met to enforce the subpoena and 'require production' of subpoenaed documents.").

Defendant Warren does not even assert that the subpoena for to Lewis Thomason's records satisfies these factors [Doc. 365 pp. 1–2]. Nor can she. The request as issued seeks all retainer agreements and billing records for all of Lewis Thomason's clients at all three locations and presumably for the entire length of the law firm's existence [*See* Doc. 358-1 p. 3]. Such request is the epitome of a fishing expedition and is therefore unreasonable. *See United States v. Jefferson*, No. 2:23-cr-109, 2025 WL 72114, at *3 (W.D. Wash. Jan. 12, 2025) (quashing a Rule 17(c) subpoena that sought "'all' documents of a certain type" because it "cast[] a wide net hoping to reel something useful to [her] defense theory"). To the extent Defendant aims to modify the subpoena at some future time to limit the scope of her request, perhaps to the retainer agreements and billing records for Ms. McKnight and Ms. Cantwell, and even if this modified request satisfied the *Nixon* factors, the Court declines to overlook Defendant Warren's procedural error in failing to obtain court authorization in advance. *See United States v. Reinhart*, No. 2:21-CR-6, 2024 WL 815519, at *4 (N.D. Tex. Feb. 27, 2024) (declining to "retroactively cure[]" "an

5

improperly issued Rule 17 subpoena" because "[d]oing so would seem to contradict the requirements of Rule 17 and allow improperly issued subpoenas to become enforceable upon merely pleading a redo when challenged").

## III. CONCLUSION

For the reasons explained herein, the Court **ORDERS** that the Motion of Non-parties Lewis Thomason, P.C. and Adam F. Rust to Quash Trial Subpoenas [**Doc. 358**] is **GRANTED**, and the subpoenas for a records custodian from Lewis Thomason, P.C. [**Doc. 358-1**], and Attorney Adam F. Rust [**Doc. 358-2**] are hereby **QUASHED**.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge